UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLAVINA

| | |
|---|---|
| JESSICA SMITH ) | |
| ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALLIED INTERSTATE, INC ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jessica Smith, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jessica Smith, is an adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff reside here and Defendant transacts business in the Commonwealth of Pennsylvania.

### III.  PARTIES

4. Plaintiff, Jessica Smith, is an adult natural persons residing at 627 George Street, Old Forge, PA 18518.

5. Defendant, Allied Interstate, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 800 Interchange West, 435 Ford Road, Minneapolis, MN 55426.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On March 2, 2009, Defendant, Allied Interstate, Inc., began a series of harassing and abusive calls to Plaintiff.

8. On March 3, 2009, Plaintiff received a phone call from Defendant's agent stating that Plaintiff owed an alleged debt of $153 and it needed to be paid right away by check or credit card over the phone.

9. On March 4, 2009, Plaintiff received another phone call from Defendant's agent once again stating that she owed an alleged debt and that it needed to be paid right away.  Plaintiff tried to explain that she had canceled her account with Direct TV. And paid what she was told to pay.  Defendant's agent told her that it doesn't matter it needs to be paid today.

10. During the telephone conversation on March 4, 2009, Plaintiff told the Defendants she is not paying for a debt that she does not owe. Defendant's agent stated that the debt still needs to be paid. Plaintiff told Defendant's agent to take her off of the list and to never call again.

11. March 5, 2009, Defendant's agent called Plaintiff and once again demanded that she pay this alleged debt right away. Plaintiff told Defendant's agent that she spoke to someone yesterday and they were suppose to take her off of the call list and never call again, Plaintiff stated she is not paying for anything that she does not owe. Defendant's agent then hung up the telephone.

12. On Saturday, March 7, 2009, Defendant's agent called Plaintiff demanding once again that she pay this alleged debt over the phone. Plaintiff hung up the phone and called Defendant's agents back to speak with a supervisor Plaintiff explained to supervisor that she spoke with 4 different agents during the week and they were suppose to stop calling her but her request has obviously been ignored. Defendant's supervisor stated to Plaintiff that they are not going to put any notes in the computer or have anyone stop calling until she pays the alleged debt immediately

13. On March 9, 2009, Defendant's agent called Plaintiff again demanding payment. Plaintiff asked for their fax number in order to send out a cease and desist letter disputing the debt. Defendant's agent called Plaintiff a **"BITCH"** and stated she is not giving her the fax number and hung up the telephone.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

17. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 d, d(2), d(5), d(6), e, e(2), e(3), e(4), e(5), e(7), e(10), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allied Interstate, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

24. Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

25. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

26. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

27. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

29. Violations of the FDCPA is a per se violation of the FCEUA and the UTCPL.

30. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

31. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice may require.

### COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

32.    The foregoing paragraphs are incorporated herein by reference.

33.    Plaintiffs and Defendant are "Persons" pursuant to 73 Pa. C.S. §201-2.

34.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

35.    The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

    b.    Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

37. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  i. An Order declaring that Defendant violated the UTPCPL;

  ii. Actual damages;

  iii. Treble damages;

  iv. An award of reasonable attorney's fees and expenses and costs of suit; and

  v. Such addition relief as is deemed just and proper, or that the interests of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                        **Respectfully submitted,**

                                                        **WARREN & VULLINGS, LLP**

**Date:  March 12, 2009**                **BY:**  *Brent F. Vullings*
                                                          Brent F. Vullings, Esquire
                                                          Warren & Vullings, LLP
                                                          1603 Rhawn Street
                                                          Philadelphia, PA  19111
                                                          215-745-9800   Fax 215-745-7880
                                                          Attorney for Plaintiff